SEYFARTH SHAW LLP
F. Scott Page (SBN 108515)
E-mail: *spage@seyfarth.com*
Jamie Chanin Pollaci (SBN 244659)
E-mail: *jpollaci@seyfarth.com*
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
KIEWIT INFRASTRUCTURE WEST CO.

JAY S. ROTHMAN & ASSOCIATES
Jay S. Rothman (SBN 49739)
Ali Sachani (SBN 234641)
21900 Burbank Blvd., Suite 210
Woodland Hills, California 91367
E-mail: lawyers@jayrothmanlaw.com
Telephone: (818) 986-7870
Facsimile: (818) 990-3019

**NOTE CHANGES MADE BY COURT

Attorneys for Plaintiff
LASHEIMA SWAFFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHEIMA SWAFFORD,<br><br>    Plaintiff,<br><br>    vs.<br><br>KIEWIT INFRASTRUCTURE WEST CO., a business entity, unknown from, and DOES 1 through 50 inclusive,<br><br>    Defendants. | CASE NO.: CV-14-4343-RSWL (CWx)<br><br>*DISCOVERY MATTER*<br><br>[*Magistrate Judge Carla Woehrle*]<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION**<br><br>Complaint filed: May 2, 2014 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHEIMA SWAFFORD,<br><br>             Plaintiff,<br><br>      vs.<br><br>KIEWIT INFRASTRUCTURE WEST CO., a business entity, unknown from, and DOES 1 through 50 inclusive,<br><br>             Defendants. | CASE NO.:  CV-14-4343-RSWL (CWx)<br><br>***DISCOVERY MATTER***<br><br>[*Magistrate Judge Carla Woehrle*]<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION**<br><br>Complaint filed:  May 2, 2014 |

TO THE INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

Based on the Stipulation for Proposed Protective Order Re: Confidential Information, *as amended by the court,* and for good cause shown,

IT IS HEREBY ORDERED:

Certain documents and other information disclosed in the above-referenced case shall be protected as follows:

1. **Confidential Documents.** Confidential treatment shall be afforded to all documents reflecting the financial status, the business structure and the reorganization of Defendant and/or any of its affiliates or projects, as well as any other documents or records that potentially constitute or contain trade secret, commercially sensitive, proprietary and/or other confidential information, or implicate individuals' right to privacy.  Confidential treatment shall also be afforded to Plaintiff's medical records and documents related to her personal relationships with significant others.  These documents shall be stamped "Confidential" prior to production (hereafter "Confidential Documents").  Information regarding these same topics shall be deemed confidential as well.

2. **Restricted Disclosure of Confidential Documents.** Confidential Documents obtained by the Parties during the course of discovery shall be used by the Parties solely for the prosecution and defense of claims in the Lawsuit. Absent written agreement by the producing party, Confidential Documents may not be shown, or their contents disclosed, to any person other than the following:

(a)   legal counsel of the Parties, and the necessary paralegal, secretarial and clerical personnel employed by legal counsel, including court reporters;

(b)   the Court in the Lawsuit, including any courtroom personnel, judge, referee, settlement judge, and paneled or selected jury at trial, only after compliance with Paragraph 6(g) of this Order;

(c)   Plaintiff and employees of Defendant, provided that in advance of such disclosure, counsel shall inform such individuals of the terms of the Stipulation and

CV-14-4343-RSWL (CWx)   3   [PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER
18397003v.1

deliver to such individuals a copy of the Stipulation and a Consent to Be Bound form, attached hereto as Exhibit "A," which shall be read and signed, and a copy of which shall be retained by counsel. However, a deponent at a deposition in this litigation may be shown or given access to Confidential Documents during the deposition without acknowledging this Protective Order in writing, provided that counsel who asserts the information is confidential advises the deponent that: (1) the Confidential Documents are subject to a Protective Order issued by the Court; (2) the Protective Order prohibits disclosure of such information, and the deponent shall not disclose the Confidential Documents or information contained therein to anyone outside the deposition; and (3) the deponent must return any copies of Confidential Documents after the deposition to the attorney who provided the material;

  (d) mediators retained in the action;

  (e) expert witnesses retained in the action; and

  (f) persons who counsel believes to be percipient witnesses provided that in advance of such disclosure, counsel shall inform such persons of the terms of the Stipulation and deliver to such persons a copy of the Stipulation with a Consent to Be Bound form, attached hereto, which shall be read and signed by each such person, and retained by counsel.

  3. **Challenge to "Confidential" Designation.** The Parties may, at any time, serve an objection to the designation of any documents as "Confidential." The objection submitted shall set forth completely the basis for challenging the "Confidential" designation. Within 10 calendar days of service of such an objection, the Parties shall meet and confer in an attempt to resolve the dispute arising from the objection. If after such meeting the dispute remains unresolved, the party challenging the designation may file a motion with the Court*, in compliance with Local Rule 37-2* for an order that the documents in question should not be treated as "Confidential." Any "Confidential" documents identified in any such motion shall be lodged with the Court so as to ensure that they are not made public or otherwise made publicly available. The party

maintaining the designation shall have the right to oppose such a motion, and the Court will then decide the issue. Pending a final resolution of any objection to any designation, the documents and/or information shall be treated as "Confidential."

4. **Confidential Information and Documents at Depositions.** Whenever counsel for a Party deems that any question or line of questioning calls for the disclosure of information that should be treated as confidential, or when Confidential Documents are used during or in connection with a deposition, counsel may: (i) state on the record that such information and/or documents are being designated as "Confidential"; or (ii) give written notice to all other counsel that such information and/or documents are being designated as "Confidential" within twenty-one (21) days after receiving a copy of the deposition transcript. Only those portions of the transcript of the deposition designated "Confidential" shall be so treated, except that all copies of deposition transcripts that contain designated Confidential Documents and/or information shall be prominently marked "Confidential." When any portion of the transcript that has been designated as "Confidential" is filed with the Court, that portion shall be filed under seal. For convenience, if a deposition transcript contains repeated references to confidential information that cannot be conveniently segregated from non-confidential information, any party may request that the entire transcript be designated "Confidential." To avoid any inadvertent disclosure of confidential information, all deposition transcripts and exhibits shall be treated as Confidential for twenty-one days after copies of the transcript are available.

5. **Filing of Confidential Documents.** This Stipulation does not necessarily require the filing of Confidential Documents to be under seal. However, at least 10 calendar days before filing any document marked "Confidential" with the Court, the counsel for the filing party must provide written notice of intent to file such Confidential Documents to opposing counsel via email, facsimile and letter (unless the filing party was the party who produced the documents). Within 5 calendar days of this notice, the Parties shall meet and confer in an attempt to resolve any dispute related to the filing. If

after such meeting a dispute remains, the filing party must either *seek to* file the Confidential Documents under seal *pursuant to Local Rule 79-5 and the policies and procedures of the assigned judge*, or file a motion with the Court for an order that the Confidential Documents in question need not be filed under seal.  The non-filing party shall have the right to oppose such a motion, and the Court will then decide the issue.  ~~If the filing party files such a motion, the Confidential Documents that are the subject of the motion must be filed under seal, and the hearing shall be in camera.~~ ***The motion must comply with Local rule 37-2, Local rule 79-5, and the policies and procedures of the assigned judge.***

6. **Confidential Documents and Information at Trial.**  The extent and manner in which any Confidential Documents and/or confidential information may be used at trial shall be decided by the *trial* Court. ~~at the final pretrial conference after all Parties have had an opportunity to be heard~~.  Nothing herein shall be construed to affect in any manner the admissibility as evidence of any information or document.

7. **Return of Confidential Documents.**  All Confidential Documents, and copies of Confidential Documents, shall be returned to the producing party at the termination of the Lawsuit or destroyed.

8. **Enforcement.**  In the event that any party or any party's counsel breaches any provision of the Stipulation, the other party shall have, in addition to and without limiting any other remedy or right it may have at law or in equity, the right to a temporary and permanent injunction restraining any such breach, without any bond or security being required.  The party not causing the breach shall be entitled to recover its reasonable attorneys' fees and costs in the event it prevails in a proceeding to enforce any of the provisions of the Stipulation.  The Parties agree to submit to the jurisdiction of the United States District Court for the Central District of California with respect to any action to enforce this Stipulation.

9. **Miscellaneous.**

a. <u>Use by Producing Party.</u>  This Stipulated Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Confidential Documents or confidential information for any purpose.

b. <u>Stipulation Effective Immediately.</u>  This Stipulation shall be binding upon the Parties upon their signature hereto, and by signing hereto each Party agrees to comply with the terms of this Stipulation and to be bound thereby, even prior to the Court's entry of the proposed Protective Order based upon this Stipulation, and even if the Court does not enter the proposed Protective Order based upon this Stipulation.  In the event that the Court does not enter the Proposed Protective Order based upon this Stipulation, the parties shall in good faith negotiate any terms that the Court finds objectionable.

c. <u>Counterparts.</u>  The Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Furthermore, signatures delivered via facsimile or electronic transmission shall have the same force, validity and effect as the originals thereof.

d. <u>Entire Agreement.</u>  The Stipulation constitutes an integrated contract expressing the final, entire and exclusive agreement between the parties and supersedes any and all prior and contemporaneous agreements, representations, negotiations, communications and understandings of the parties, oral or written, other than any agreements Plaintiff may have signed during her employment with Defendant.

e. <u>Severability.</u>  If any clause, provision, covenant or condition of the Stipulation is unenforceable, illegal or invalid, the remaining provisions shall nevertheless be carried into effect.

f. <u>Successors and Assigns.</u>  The Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective shareholders, partners, directors, officers, heirs, successors, representatives and assigns.

g. <u>California Law.</u>  The Stipulation is made and entered into in the State of California and shall be interpreted, applied and enforced under and pursuant to the laws of the State of California.

      h.    <u>Amendment.</u>  This Stipulation may be amended by the Parties by a stipulation signed by counsel for both of the Parties, ***with approval*** ~~which shall then be approved~~ by the Court.

# EXHIBIT A
## CONSENT TO BE BOUND

I, _____, declare:

1. I have read the attached Stipulation and Protective Order in the litigation between plaintiff LaSheima Swafford and defendant Kiewit Infrastructure West Co. (the "Order").

2. I am familiar with the contents of the Order and agree to comply with and be bound by the provisions thereof.

3. I will hold in confidence, will not disclose to anyone other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation, and only as expressly permitted by the terms of the Order, any information designated as "Confidential" that I receive or view in this action.

4. I understand that I am to retain all copies of any documents or materials designated "Confidential" in a secure manner, and that all copies are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials are to be returned immediately to counsel who provided me with such material.

5. By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Central District of California, as the sole and exclusive venue for resolving any and all disputes regarding the Order and this Consent to Be Bound.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on _____ at _____ (city, state).

```
                                        _____
                                                    (Signature)
```

IT IS SO ORDERED.

Dated: October 31, 2014      _____
                                    Honorable Carla Woehrle
                                    United States Magistrate Judge

CV-14-4343-RSWL (CWx)                 9          [PROPOSED] ORDER GRANTING STIPULATED
                                                              PROTECTIVE ORDER
18397003v.1